UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TransCoastal Partners, LLC, a Texas limited liability company, Couba Du Large Joint Venture, a Texas general partnership, Stuart G. Hagler, David J. May, and Wilbur A. Westmoreland,<br><br>      PlaintiffS,<br><br>  v.<br><br>Preston DuFauchard, in his official capacity as California Corporations Commissioner, and California Department of Corporation,<br><br>      Defendant. | No. 2:07-CV-2737-MCE-KJM<br><br><u>MEMORANDUM AND ORDER</u> |

----oo0oo----

///

///

///

///

///

///

1

1    Plaintiffs TransCoastal Partners, LLC, Couba Du Large Joint
2 Venture, Stuart G. Hagler, David J. May, and Wilbur A.
3 Westmoreland ("Plaintiffs") move for a Temporary Restraining
4 Order and Preliminary Injunction[1] against Defendants Preston
5 DuFauchard, in his official capacity as California Corporations
6 Commissioner (the "Commissioner"), and the California Department
7 of Corporations (the "Department").
8    Plaintiffs' motion is based on the grounds that the
9 Commissioner and Department improperly issued a Desist and
10 Refrain Order to Plaintiffs on November 29, 2007 ("the D&R"),
11 ordering Plaintiffs to cease offering and selling securities in
12 the State of California without first registering or qualifying
13 such securities under California securities laws when Plaintiffs
14 offered and sold the joint venture interests in question (in the
15 Couba Du Large Joint Venture) pursuant to Regulation D (Rules 501
16 – 508 [17 C.F.R. 230.501 et seq.]), promulgated pursuant to the
17 Securities Act of 1933, as amended.  Plaintiffs argue that
18 because they timely filed with the SEC and the Department the
19 appropriate Forms D and U-2 and paid the statutory filing fees,
20 the Commissioner and Department are preempted under the National
21 Securities Markets Improvement Act of 1966, 15 U.S.C. § 77r
22 ("NSMIA") from issuing a D&R to Plaintiffs for purported
23 violations of state registration requirements.

---

[1] Although Plaintiffs' Motion is captioned as a motion for both a temporary restraining order and a preliminary injunction, this Order will only address the temporary restraining order. Should Plaintiffs wish to be heard on a motion for a preliminary injunction, Plaintiffs should set the motion on the Court's regular calendar allowing appropriate time for briefing pursuant to the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of California.

Plaintiffs now move this Court to enter a Temporary Restraining Order and Preliminary Injunction immediately enjoining Defendants and their officers, agents, employees, representatives, and all persons in privity with them, from:

1. Requiring that Plaintiffs register and/or qualify the sale of joint venture interests in the State of California when Plaintiffs have filed the appropriate Forms D under Rule 506, have complied with all notice filing requirements, and have paid the required fees;

2. Entering orders that prohibit Plaintiffs from selling joint venture interests in the State of California on the basis of state registration violations when Plaintiffs have filed the appropriate Forms D under Rule 506, have complied with all notice filing requirements, and have paid the required fees;

3. Making permanent and enforcing the D&R entered on or about November 29, 2007 to Plaintiffs;

4. Requiring Plaintiffs to participate in any administrative hearing relating to the D&R; and

5. Publicizing in any manner, including on any website, the D&R entered on or about November 29, 2007.

6. Plaintiffs further hereby move this Court to Order that any deadline by which Plaintiffs must seek relief from the D&R entered on or about November 29, 2007, including the deadline to file a request for hearing, shall be tolled until thirty (30) days following a final disposition of this matter or thirty (30) days after the denial of the request for preliminary injunction.

///

///

Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and Plaintiffs have the burden of proving the propriety of such a remedy by clear and convincing evidence. See Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 442 (1974). In order to warrant issuance of such relief, certain prerequisites must be satisfied. Under the so-called "traditional" standard, an injunction may be had if the court determines that (1) the moving party will suffer the possibility of irreparable injury if the relief is denied; (2) there is a strong likelihood that the moving party will prevail on the merits at trial; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) Under the "alternative" standard, an injunction properly issues when a party demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable injury if relief is not granted; or (2) the existence of serious questions going to the merits combined with a balancing of hardships tipping sharply in favor of the moving party. Id., see also Idaho Sporting Congress, Inc. v. Alexander, 222 F.3d 562, 565 (9th Cir. 2000); Earth Island Institute v. U.S. Forest Service, 442 F.3d 1147, 1158 (9th Cir. 2006). The requirement for showing a likelihood of irreparable harm increases or decreases in inverse correlation to the probability of success on the merits, with these factors representing two points on a sliding scale. United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992).

///

1  The propriety of a temporary restraining order, in
2 particular, hinges on a significant threat of irreparable injury
3 (<u>Simula, Inc. Autoliv, Inc.</u>, 175 F.3d 716, 725 (9th Cir. 1999))
4 that must be imminent in nature. <u>Caribbean Marine Serv. Co. v.</u>
5 <u>Baldridge</u>, 844 F.2d 668, 674 (9th Cir. 1988).
6  Application of this standard to the instant matter shows
7 that Plaintiffs have failed to demonstrate their entitlement to a
8 temporary restraining order at the present time. First,
9 Plaintiffs have failed to show an imminent injury. The
10 Department issued the D&R on November 29, 2007. Plaintiffs'
11 remedy at that time was to file a request for a hearing with a
12 state administrative law judge. That hearing would have had to
13 have been held within fifteen (15) days of the request.
14 Plaintiffs did not request the hearing and instead elected to
15 wait twenty-one (21) days and seek this remedy in federal court.
16 Plaintiffs have given no reason for the delay and such a delay
17 goes against Plaintiffs' claims of imminent injury and the need
18 for an immediate remedy. Had Plaintiffs sought a hearing before
19 an administrative law judge initially, they would already have
20 had a decision. Accordingly, Plaintiffs can hardly argue they
21 will suffer an imminent injury if this temporary restraining
22 order is not granted.
23  Second, in terms of the requirement for irreparable harm,
24 such harm generally turns upon a substantial injury that is
25 neither accurately measurable or adequately compensable by money
26 damages. <u>See, e.g.</u>, <u>Ross-Simons of Warwick, Inc. v. Baccarat</u>,
27 <u>Inc.</u>, 102 F.3d 12, 18 (1st Cir. 1996). Here, Plaintiff's have
28 failed to demonstrate irreparable harm.

5

The fact that Ohio is requiring Plaintiffs to confirm compliance with Federal Rule 502(c) within thirty (30) days is not an irreparable injury. Ohio is not refusing to allow Plaintiffs to continue conducting business. Further, Plaintiffs argue that they will lose business opportunities and suffer harm to their business reputation and goodwill. These constitute monetary damages and Plaintiffs have not alleged the difficulty of calculation necessary to sustain a temporary restraining order.

For the foregoing reasons, Plaintiffs Motion for a Temporary Restraining Order is DENIED.

IT IS SO ORDERED.

Dated: December 20, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE