UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TransCoastal Partners, LLC, a
Texas limited liability
company, Couba Du Large Joint
Venture, a Texas general
partnership, Stuart G. Hagler,
David J. May, and Wilbur A.
Westmoreland,

No. 2:07-CV-2737-MCE-KJM

            PlaintiffS,

     v.                              MEMORANDUM AND ORDER

Preston DuFauchard, in his
official capacity as
California Corporations
Commissioner, and California
Department of Corporation,

            Defendant.


                    ----oo0oo----

///

///

///

///

///

///

1

1    Plaintiffs TransCoastal Partners, LLC, Couba Du Large Joint

2    Venture, Stuart G. Hagler, David J. May, and Wilbur A.

3    Westmoreland ("Plaintiffs") move for a Temporary Restraining

4    Order and Preliminary Injunction[1] against Defendants Preston

5    DuFauchard, in his official capacity as California Corporations

6    Commissioner (the "Commissioner"), and the California Department

7    of Corporations (the "Department").

8    Plaintiffs' motion is based on the grounds that the

9    Commissioner and Department improperly issued a Desist and

10   Refrain Order to Plaintiffs on November 29, 2007 ("the D&R"),

11   ordering Plaintiffs to cease offering and selling securities in

12   the State of California without first registering or qualifying

13   such securities under California securities laws when Plaintiffs

14   offered and sold the joint venture interests in question (in the

15   Couba Du Large Joint Venture) pursuant to Regulation D (Rules 501

16   – 508 [17 C.F.R. 230.501 et seq.]), promulgated pursuant to the

17   Securities Act of 1933, as amended.  Plaintiffs argue that

18   because they timely filed with the SEC and the Department the

19   appropriate Forms D and U-2 and paid the statutory filing fees,

20   the Commissioner and Department are preempted under the National

21   Securities Markets Improvement Act of 1966, 15 U.S.C. § 77r

22   ("NSMIA") from issuing a D&R to Plaintiffs for purported

23   violations of state registration requirements.

24

25   [1] Although Plaintiffs' Motion is captioned as a motion for
     both a temporary restraining order and a preliminary injunction,
26   this Order will only address the temporary restraining order.
     Should Plaintiffs wish to be heard on a motion for a preliminary
27   injunction, Plaintiffs should set the motion on the Court's
     regular calendar allowing appropriate time for briefing pursuant
28   to the Federal Rules of Civil Procedure and the Local Rules for
     the Eastern District of California.

1    Plaintiffs now move this Court to enter a Temporary
2    Restraining Order and Preliminary Injunction immediately
3    enjoining Defendants and their officers, agents, employees,
4    representatives, and all persons in privity with them, from:
5        1. Requiring that Plaintiffs register and/or qualify the
6    sale of joint venture interests in the State of California when
7    Plaintiffs have filed the appropriate Forms D under Rule 506,
8    have complied with all notice filing requirements, and have paid
9    the required fees;
10        2. Entering orders that prohibit Plaintiffs from selling
11   joint venture interests in the State of California on the basis
12   of state registration violations when Plaintiffs have filed the
13   appropriate Forms D under Rule 506, have complied with all notice
14   filing requirements, and have paid the required fees;
15        3. Making permanent and enforcing the D&R entered on or
16   about November 29, 2007 to Plaintiffs;
17        4. Requiring Plaintiffs to participate in any administrative
18   hearing relating to the D&R; and
19        5. Publicizing in any manner, including on any website, the
20   D&R entered on or about November 29, 2007.
21        6. Plaintiffs further hereby move this Court to Order that
22   any deadline by which Plaintiffs must seek relief from the D&R
23   entered on or about November 29, 2007, including the deadline to
24   file a request for hearing, shall be tolled until thirty (30)
25   days following a final disposition of this matter or thirty (30)
26   days after the denial of the request for preliminary injunction.
27   ///
28   ///

3

1    Issuance of a temporary restraining order, as a form of

2    preliminary injunctive relief, is an extraordinary remedy, and

3    Plaintiffs have the burden of proving the propriety of such a

4    remedy by clear and convincing evidence.  See Granny Goose Foods,

5    Inc. v. Teamsters, 415 U.S. 423, 442 (1974).  In order to warrant

6    issuance of such relief, certain prerequisites must be satisfied.

7    Under the so-called "traditional" standard, an injunction may be

8    had if the court determines that (1) the moving party will suffer

9    the possibility of irreparable injury if the relief is denied;

10   (2) there is a strong likelihood that the moving party will

11   prevail on the merits at trial; (3) the balance of potential harm

12   favors the moving party; and (4) the public interest favors

13   granting relief.  Johnson v. Cal. State Bd. of Accountancy, 72

14   F.3d 1427, 1430 (9th Cir. 1995)  Under the "alternative"

15   standard, an injunction properly issues when a party demonstrates

16   either: (1) a combination of probable success on the merits and

17   the possibility of irreparable injury if relief is not granted;

18   or (2) the existence of serious questions going to the merits

19   combined with a balancing of hardships tipping sharply in favor

20   of the moving party.  Id., see also Idaho Sporting Congress, Inc.

21   v. Alexander, 222 F.3d 562, 565 (9th Cir. 2000); Earth Island

22   Institute v. U.S. Forest Service, 442 F.3d 1147, 1158 (9th Cir.

23   2006).  The requirement for showing a likelihood of irreparable

24   harm increases or decreases in inverse correlation to the

25   probability of success on the merits, with these factors

26   representing two points on a sliding scale.  United States v.

27   Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992).

28   ///

4

The propriety of a temporary restraining order, in particular, hinges on a significant threat of irreparable injury (<u>Simula, Inc. Autoliv, Inc.</u>, 175 F.3d 716, 725 (9th Cir. 1999)) that must be imminent in nature.  <u>Caribbean Marine Serv. Co. v. Baldridge</u>, 844 F.2d 668, 674 (9th Cir. 1988).

Application of this standard to the instant matter shows that Plaintiffs have failed to demonstrate their entitlement to a temporary restraining order at the present time.  First, Plaintiffs have failed to show an imminent injury.  The Department issued the D&R on November 29, 2007.  Plaintiffs' remedy at that time was to file a request for a hearing with a state administrative law judge.  That hearing would have had to have been held within fifteen (15) days of the request. Plaintiffs did not request the hearing and instead elected to wait twenty-one (21) days and seek this remedy in federal court. Plaintiffs have given no reason for the delay and such a delay goes against Plaintiffs' claims of imminent injury and the need for an immediate remedy.  Had Plaintiffs sought a hearing before an administrative law judge initially, they would already have had a decision.  Accordingly, Plaintiffs can hardly argue they will suffer an imminent injury if this temporary restraining order is not granted.

Second, in terms of the requirement for irreparable harm, such harm generally turns upon a substantial injury that is neither accurately measurable or adequately compensable by money damages.  <u>See, e.g.,</u> <u>Ross-Simons of Warwick, Inc. v. Baccarat, Inc.</u>, 102 F.3d 12, 18 (1st Cir. 1996).  Here, Plaintiff's have failed to demonstrate irreparable harm.

1  The fact that Ohio is requiring Plaintiffs to confirm compliance
2  with Federal Rule 502(c) within thirty (30) days is not an
3  irreparable injury.  Ohio is not refusing to allow Plaintiffs to
4  continue conducting business.  Further, Plaintiffs argue that
5  they will lose business opportunities and suffer harm to their
6  business reputation and goodwill.  These constitute monetary
7  damages and Plaintiffs have not alleged the difficulty of
8  calculation necessary to sustain a temporary restraining order.
9      For the foregoing reasons, Plaintiffs Motion for a Temporary
10  Restraining Order is DENIED.
11      IT IS SO ORDERED.
12  Dated: December 20, 2007
13
14  _____
15  MORRISON C. ENGLAND, JR.
    UNITED STATES DISTRICT JUDGE
16
17
18
19
20
21
22
23
24
25
26
27
28